**MICHAEL B. BIGELOW**

Attorney at Law  - SBN 65211

428 J Street, Suite 350

Sacramento, California 95814
Telephone: (916) 443-0217

Attorney for Petitioner
Jose Perez

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISCTRIC OF CALIFORNIA

| | | |
|---|---|---|
| JOSE PEREZ | ) | Case No. 07-1344 MCE GGH P |
| | ) | |
| Plaintiff | ) | REQUEST FOR EXTENSION OF |
| | ) | TIME TO FILE SUPPELEMENTAL |
| | ) | POINTS AND AUTHORITIES OR AMENDED |
| | ) | PETITION; |
| DARRELL G. ADAMS, Warden | ) | REQUEST FOR LATE FILING |
| | ) | |
| | ) | |
| Defendant | ) | |

    By this Court's previous order petitioner's supplemental points and authorities were to have been filed by February 22, 2008. Although petitioner had made diligent effort to comply with this court's previous order, he has not. Thus, for the reasons stated below, an extension of time of 30 days is requested. In addition, a request to file this request for an extension of time one day late is also requested.

    During the past 90 days undersigned counsel has reviewed the nearly 4,000 pages received from respondent's counsel and an additional 1,000 pages received from petitioner. As previously noted, the petition itself nears 600 pages and presents a somewhat convoluted factual basis. Petitioner himself has, through correspondence, assisted in clarifying his claims, but questions remain. Undersigned counsel has contacted trial counsel but has had no success contacting appellate counsel. Undersigned counsel had intended to obtain authorization to travel to

1

--

Corcoran State Prison to meet with petitioner, but, because of the holiday season, other family matters and other conflicting matters, has so far been unable to do so. Thus, supplemental points and authorities have not yet been completed. Nor has a decision been made whether to amend the petition and/or return to state court to exhaust additional claims.

In addition, in the past 90 days undersigned counsel has completed supplemental points and authorities in the matter of Dixon v Evans, a matter in which the record alone was in excess of 6,000 pages. In addition, in the matter of the United States v Aikens, a factually complicated, document intense muti-defendant bank fraud case, trial had been set for February 25, 2008. Up until the week of January 21, 2008 it appeared my client would go to trial. As a result, considerable time was spent reviewing documents and preparing for trial. In addition, in the matter of Martin v Hubbard, a quite complicated habeas case on remand from the Ninth Circuit, considerable time was spent responding to respondent's motion to dismiss and preparing for argument which was had on February 21, 2008. Finally, in the matter of Diaz v Adams, another habeas case, the court had authorized petitioner to take the deposition of trial counsel. That deposition occurred on February 13, 2008. Preparation for that deposition took considerable time as the case was actually quite old and the trial transcripts and related documents had to be reviewed in preparation.

As to undersigned counsel request that this request for and extension of time be filed one day late, I would respectfully request the Court consider the following.

I had intended on filing this request timely, on Friday, February 22, 2008. However, on Thursday my office computer effectively crashed. It was taken in for evaluation and repair that afternoon. Also that afternoon I drove to Squaw Valley for a meeting of the Placer County Sheriff's K-9 Avalanche Team for which I am a member of the board of directors. Returning home later that evening, in a snow storm, another board member, driving his own vehicle just in front of me, drove off the edge of Interstate 80. Although neither he nor his dog were injured, it was nearly 1:00 AM before his truck was extricated from its predicament, and nearly 3:00AM before I was able to return home. On Friday, with court in the morning, no sleep to speak of and no computer to work on, I neglected to file this request for an extension of time in a timely manner. I regret my oversight. (I'm working on a borrowed computer at this time.)

On Saturday, February 23, 2008, I called respondent's counsel and left a message on his machine stating my request. He has previously, graciously, not objected to my requests for extensions of time.

DATED February 23, 2008        Respectfully submitted,

/S/MICHAEL B. BIGELOW
Michael B. Bigelow
Attorney for Petitioner

### ORDER

**FOR GOOD CAUSE SHOWN:** It is ordered that petitioner's supplemental points and authorities shall be filed on or before March 22, 2008.

Should petitioner elect to proceed on an amended petition of exhausted claims only, the amended petition must be filed by March 22, 2008, along with any memorandum of points and authorities.

Should petitioner identify unexhausted claims which petitioner will seek to exhaust, petitioner shall file an amended petition on or before March 22, 2008, setting forth all claims, exhausted and unexhausted, and shall demonstrate good cause for having failed to exhaust state court remedies as to any claim which petitioner would seek to exhaust.

Petitioner shall move the court to hold the proceedings in abeyance pending exhaustion of state court remedies as to the unexhausted claims on or before March 22, 2008; if a stay is ultimately granted, petitioner must immediately pursue state court exhaustion, that is, within 30 days of the granting of a stay, and, upon said exhaustion in state court, within 30 days, proceed upon the amended petition in federal court.

DATED: 02/26/08                        /s/ Gregory G. Hollows
                                       U.S. Magistrate Judge

pere1344.po3