IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE PEREZ,

    Petitioner,  No. CIV S-07-1344 MCE GGH P

  vs.

DERRELL. G. ADAMS,

    Respondents.  <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

I. <u>Introduction</u>

        Petitioner is a state prisoner proceeding with appointed counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his December 5, 2001, conviction, after bench trial, for failing to register as a sex offender; also found true were two prior serious felony conviction allegations in case number SF08314A. On December 13, 2001, a jury convicted petitioner of one count of corporal injury on a cohabitant, three counts of assault with a deadly weapon and three counts of making criminal threats in case number SF082861A. In these apparently consolidated cases, petitioner was sentenced on March 19, 2002, to 80 years to life. This action is proceeding on an amended petition filed July 22, 2008. Pending before the

\\\\\

\\\\\

1

court is respondent's September 22, 2008, motion to dismiss on grounds that this action is barred by the statute of limitations.[1]

After carefully considering the record, the court recommends that respondent's motion be granted.

II. Motion to Dismiss

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On September 24, 2003, the California Supreme court denied petitioner's petition for direct review. Respondent's Lodged Document #3, 4. Therefore, petitioner's conviction became final when the time for filing a petition for writ of certiorari expired 90 days later on December 23, 2003. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999). Time began to run the next day, on December 24, 2003. Patterson v. Stewart, 251 F.3d 1243, 1246 (9thCir.2001).

---

[1] Ordinarily, a habeas petition may only attack one judgement for which petitioner is in custody. Rules for § 2254 Proceedings, Rule 2(e). However, the judgment in this case appears to have consolidated the two separate cases, and the undersigned knows of no authority which would prevent a habeas petition on the combined cases.

2

Petitioner had one year, that is, until December 23, 2004, to file a timely federal petition, absent applicable tolling. The instant action, mailed June 26, 2007,[2] is not timely unless petitioner is entitled to statutory or equitable tolling.

Petitioner filed nine post-conviction collateral actions:

1. February 9, 2004: first habeas petition filed in the San Joaquin County Superior Court. Respondent's Lodged Document #5. On March 26, 2004, the Superior Court denied the first petition with a reasoned opinion. Id., #6.

2. September 20, 2004: second habeas petition filed in the California Supreme Court. Id., #7. On November 2, 2005, the California Supreme Court denied the second petition without comment or citation. Id., #8.

3. January 25, 2005: third habeas petition filed in the San Joaquin County Superior Court. Id., #9. On March 29, 2005, the San Joaquin County Superior Court denied the third petition, with a reasoned opinion that referred to In re Clark, 5 Cal.4th 750 (1993). Id., #10.

4. April 13, 2005: fourth habeas petition filed in the California Court of Appeal, Third Appellate District. Id., #11. On June 9, 2005, the California Court of Appeal denied the fourth petition, without comment or citation. Id., #12.

5. June 14, 2005: fifth habeas petition filed in the San Joaquin County Superior Court. Id., #13. On August 9, 2005, the San Joaquin County Court denied the fifth petition, with a reasoned opinion. Id., #14.

6. August 24, 2005: sixth habeas petition filed in the California Court of Appeal, Third Appellate District. Id., #15. On September 1, 2005, the California Court of Appeal, Third Appellate District denied the sixth petition, without comment or citation. Id., #16.

7. May 31, 2006: seventh habeas petition filed in the San Joaquin County Superior Court. Id., #17. On July 31, 2006, the San Joaquin County Superior Court denied the seventh petition, with a reasoned opinion that referred to In re Clark, 5 Cal.4th 750 (1993). Id., #18.

8. August 7, 2006: eighth habeas petition filed in the California Court of Appeal, Third Appellate District. Id., #19. On September 7, 2006, the California Court of Appeal, Third Appellate District denied the eighth petition, citing In re Clark, 5 Cal.4th 750, 765-770 (1993). Id., #20.

9. September 12, 2006: ninth habeas petition filed in the California Supreme

---

[2] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988), pro se prisoner filing is dated from the date prisoner delivers it to prison authorities. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

Court. Id., #21. On March 28, 2007, the California Supreme Court denied the ninth petition, citing In re Clark, 5 Cal.4th 750 (1993); In re Miller, 17 Cal.2d 734 (1941); In re Waltreus, 62 Cal.2d 218 (1965); In re Dixon, 41 Cal.2d 756 (1953). Id., #22.

The instant federal petition was filed on June 26, 2007.

Statutory Tolling

Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations in the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling"). See Evans v. Chavis, 546 U.S. 189, 193-194, 198, 126 S.Ct. 846 (2006).

The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings. Pace v. DiGuglielmo, 544 U.S. 408, 413-14, 125 S.Ct. 1807 (2005). "[T]ime limits, no matter their form, are 'filing' conditions." Pace v. DiGuglielmo, 544 U.S. at 417, 125 S.Ct. at 1814. "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414, 125 S.Ct. at 1812. Under such circumstances, the petitioner is not entitled to statutory tolling. Id. at 417, 125 S.Ct. at 1814.

Petitioner's first petition, filed on February 9, 2004, occurred 48 days after judgment became final. Respondent concedes that petitioner is entitled to statutory tolling during the pendency of the first petition. Motion to Dismiss (MTD) at 5. Petitioner is entitled to 46 days tolling for the period from February 9, 2004, the date the first petition was filed, to March 26, 2004, the date the first petition was denied. Id. Including this tolling, petitioner was required to file the instant federal petition by February 7, 2005.

The first petition was denied on March 26, 2004, but the second petition was not filed until nearly six months later, on September 20, 2004. Respondent argues that time should not be tolled as the delay between the petitions was too lengthy. MTD at 5.

Petitioner is not entitled to statutory tolling for the nearly six month delay between the denial of his first petition on March 26, 2004, and the filing of the second petition on September 20, 2004. See Evans v. Chavis, 546 U.S. 189, 193-194, 198, 126 S.Ct. 846 (2006); see also Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (amending 417 F.3d 1030 (9th Cir.2005) (petitioner not entitled to "gap" tolling for intervals between California state habeas filings of 15 months, 18 months, and 10 months, given length of delays, lack of clear statement from California legislature or courts that delays of such length were reasonable, and lack of explanation or justification for delays)); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D.Cal.2006) (unexplained, unjustified delays of 97 and 71 days between the denial of one state petition and the filing of the next petition constituted unreasonable delays such that the intervals cannot be tolled under Chavis). Thus, there will be no statutory tolling for the time between the first and second petitions. The federal petition remained due on February 7, 2005.

Petitioner's second petition was pending from September 20, 2004 until it was denied by the California Supreme Court on November 2, 2005. Respondent concedes that petitioner was entitled to statutory tolling for that entire time period (409 days).[3] Petitioner was now required to file the instant federal petition by March 23, 2006.

Petitioner filed his seventh petition (see footnote 3) on May 31, 2006, six months after the previous denial. Petitioner will not receive statutory tolling for this six month delay. See Chavis. In addition, the seventh, eight and ninth petitions were filed after the March 23, 2006, expiration of the limitations period, which prohibits petitioner from receiving further

---

[3] While the second petition was pending before the California Supreme Court, petitioner filed his third thru sixth petitions. All four petitions were filed and denied while the second petition was pending and time was being tolled. Thus, these petitions do not affect the statutory tolling analysis.

statutory tolling. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001) (a state petition filed after the limitations period has run will neither revive nor toll the statute of limitations). Petitioner's federal petition filed June 26, 2007, is barred unless equitable tolling is available.

Equitable Tolling

Petitioner argues that he in entitled to equitable tolling due to his lack of legal sophistication and abandonment by appellate counsel.

The AEDPA's one-year statute of limitations is subject to equitable tolling but only if a petitioner can show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Pace v. Diuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418, 125 S.Ct. at 1814. "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." Miranda v. Castro, 292 F.3d 1063, 1066 (2002) (internal quotations/citations omitted [emphasis added in Miranda]). A petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest the exceptions swallow the rule." Id.

In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds, Calderon v. U. S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123 S. Ct. 1398 (2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time. "In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

As held in Beeler, "[w]e have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions

when this high hurdle is surmounted." 128 F.3d at 1289. "Mere excusable neglect" is insufficient as an extraordinary circumstance. Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 619 (3rd Cir. 1998). Moreover, ignorance of the law does not constitute such extraordinary circumstances. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).

In the Calderon (Beeler) case, the Court of Appeals held that the district court properly found equitable tolling to allow Beeler more time to file his petition. Beeler's lead counsel withdrew after accepting employment in another state, and much of the work he left behind was not useable by replacement counsel – a turn of events over which the court found Beeler had no control. The Court of Appeals held that the district court properly found these were "extraordinary circumstances" sufficient to toll the statute of limitations.[4]

Attached to petitioner's opposition to the motion to dismiss are six handwritten pages describing petitioner's difficulty in filing his state petitions. The six pages cover several years and provide many details regarding time periods not relevant to the instant petition. The court will discuss the two time periods where a finding of equitable tolling will help petitioner: March 26, 2004 - September 20, 2004, the time between the first and second petition and November 2, 2005 - March 23, 2006, the time between the denial of petitioner's last properly filed state petition and the expiration of the statute of limitations.

Petitioner's first argument, that the mysteries and vagaries of AEDPA are simply beyond his ken, will not warrant equitable tolling. Ignorance of the law does not constitute the requisite extraordinary circumstances. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("We now join our sister circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling") .

---

[4] See also Baskin v. United States, 998 F. Supp. 188 (D. Conn. 1998), wherein the court applied equitable tolling where petitioner's attorney failed to notify him of the denial of a petition for certiorari until thirteen months after the denial was entered.

Petitioner also alleges that the Central California Appellate Project (CCAP) provided ineffective assistance of counsel during the time period of March 26, 2004 - September 20, 2004. Petitioner's argument is hard to discern. It is not clear in what way CCAP represented petitioner. A review of the record reveals that all state habeas petitions were filed pro se though it appears that petitioner and CCAP were communicating via letter.[5] Petitioner provides a few details and facts regarding how CCAP provided ineffective counsel. Petitioner describes various letters and copies of petitions that were sent to CCAP and different state courts throughout the spring and summer of 2004. Petitioner provides no copies of the letters but contends that the court of appeals told him to file in the superior court and the superior court told him that his appeal was late.

Regardless of the difficulties petitioner found in filing his state petitions and whatever role CCAP played, petitioner has failed to meet his burden of alleging sufficient facts to demonstrate extraordinary circumstances. Petitioner is not entitled to equitable tolling due to problems with CCAP or "negligence in general," as such errors do not constitute the requisite "extraordinary circumstances." Miranda v. Castro, 292 F.3d 1063, 1066-67 (9th Cir.2002). In Miranda, the Ninth Circuit emphasized that while a petitioner is constitutionally entitled to counsel on direct review, there is no such constitutional guarantee with respect to counsel in state post-conviction proceedings. 292 F.3d at 1068.

With respect to the time period of November 2, 2005 - March 23, 2006, petitioner is not entitled to equitable tolling. Petitioner states that the law library was closed from November 2005 to June 2006. However, even if petitioner were entitled to equitable tolling for this entire time period, 142 days, and the limitations period then ended on August 12, 2006, the federal petition filed June 26, 2007, would still be late by approximately ten months.

\\\\\

---

[5] Petitioner provides no copies of the letters.

8

1          For the reasons discussed above, the court finds that petitioner's petition is barred by the statute of limitations.

         Accordingly, IT IS HEREBY RECOMMENDED that respondent's September 22, 2008, motion to dismiss be granted.

         These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 04/15/09

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

ggh: ab
pere1344.mtd